**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CRIMINAL NO. SA-24-CR-00005-XR** |
| | § | |
| **v.** | § | |
| | § | |
| **HECTOR DELGADO-ESCAMILLA** | § | |
| | § | |
| **Defendant** | § | |

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

Title 18 United States Code, Section 3553(a) provides several factors for the Court to consider when imposing a sentence.

**<u>ARGUMENT</u>**

**The Nature and Circumstances of the Offense and the History and Characteristics of**

**the Defendant**

The Court heard testimony, read reports, and listened to audio recordings detailing the facts of this case and the investigation done by ATF during a suppression hearing. Without rehashing all the facts in this case, the nature and circumstances of the offense do not warrant a downward departure. Not only did the Defendant purchase a firearm on behalf of another person, but he also purchased the civilian version of a miliary M249 knowing it was likely destined for a Mexican Cartel.

Although the Government can appreciate the Defendant's lack of criminal history, his education, and his work history, none of that diminishes the nature and circumstances of the offense. To the contrary, Defendant's strong education and work background show that even

with those positive attributes, he is not immune to criminal activity when presented the opportunity.

Despite the Defendant's number of character letters, the Court found Defendant not to be credible based on his testimony during the suppression hearing.

The nature and circumstances of the offense considered alongside the defendant's history and characteristics do not warrant a downward departure.

### Acceptance of Responsibility

The Presentence Investigation Report already gives the Defendant the 3-point reduction he is requesting for acceptance of responsibility in Paragraphs 28 and 29.

### Zero Point Offender

Defendant admits that the Zero Point Offender adjustment does not apply in this case, but still argues for a departure based on it. Defendant's argument is that "had this offense not involved a firearm…", Defendant would qualify. We cannot rewrite the facts of the case. This case did involve a firearm. It involved a belt-fed firearm that is capable of accepting a large capacity magazine. Therefore, a downward departure is not warranted.

### Recidivism and Deterrence

Defendant argues that his lack of criminal history supports a low chance of recidivism and cites U.S. Sent. Comm'n, *Recidivism Among Federal Offenders: A Comprehensive Overview 3* (2016). "An offender's total criminal history points, which establish defendant's Criminal History Category, are designed in part to reflect recidivism potential" (Defendant's Sentencing

2

Memorandum, page 14). The defendant's criminal history score of 0 and its correlation to recidivism is already factored into the Defendant's Criminal History Category and therefore, his guideline range. A downward departure based on a low chance of recidivism is unwarranted.

The Government's request for a guideline sentence satisfies the need for the sentence imposed to afford adequate deterrence to criminal conduct and a downward departure is unwarranted.

### Avoid Unwarranted Sentence Disparities

In addition to the factors argued by Defendant, the Court shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6). The co-defendant, Antonio Cortez-Chaves, was already found guilty of the same offense and sentenced in this case. He also had a Total Offense Level of 21 and a Criminal History Category I (0 points), with a guideline range of 37-46 months. He was also identified as an average participant. He received 37 months imprisonment. A downward departure for this defendant would lead to a sentence disparity among co-defendants with similar records who have been found guilty of similar conduct.

**CONCLUSION**

Based on the arguments made above, a downward departure is not warranted in this case and a guideline sentence within the range of 37-46 months is appropriate.

Respectfully submitted,

SADE MITCHELL BOGART
Assistant United States Attorney


        /s/
SADE MITCHELL BOGART
Assistant United States Attorney
Texas Bar No. 24076564
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7140

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the May 13, 2025, a true and correct copy of the Government's Sentencing Memorandum was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Kaylie Morgan
Ronnie Wilkins


    /s/
SADE MITCHELL BOGART
Assistant United States Attorney

5